# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18CR022 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| DIEGO M. DACOSTA (2), | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE AS TO DIEGO M. DACOSTA

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

1.  The Defendant plead guilty to Count 1 of the Indictment charging him with conspiracy to commit identity theft, aggravated identity theft, access fraud, mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1028, 1028A, 1029, 1341 and 1343, all in violation of 18 U.S.C. §§ 371 and 1349.

2.  The Defendant has an interest in the following property (hereinafter referred to as the "Subject Property"):

    a.  Apple iPhone black with gold case seized from the Defendant;
    b.  HP Laptop, Serial No. CND6306CXR
    c.  Pin Hole Camera containing a SanDisk Ultra Plus, 32GB;
    d.  T Mobile Sim Card, Serial No. 8901260142705280457;
    e.  Vivo 4G Sim Card, Serial No. 8955109334;
    f.  T-Mobile Sim Card, Serial No. 8901260911795426125;
    g.  MSR Card Reader, Serial No. A517052440;
    h.  HP Laptop, Serial No. CND7194DT9;
    i.  T-Mobile Sim Card, Serial No. 8901260985775565193;
    j.  Card Reader, Serial No. US01421F15;
    k.  Vivo 4G Sim Card, Serial No. 8955109314;

    l. Vivo 4G Sim Card, Serial No. 8955109344;
    m. T Mobile Sim Card, Serial No. 8901260911795425994F; and
  n. Lenovo Laptop, Serial No. PFOLLTTB.

3. The Subject Property is forfeitable, pursuant to 18 U.S.C.§ 981(a)(1)(C) and 28 U.S.C, § 2461(c), as property which constitutes or is derived from proceeds traceable to the violation alleged in Count One; pursuant to 18 U.S.C. § 982(a)(2)(B), as property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation; and pursuant to 18 U.S.C. § 1029(c)(1)(C), as personal property used or intended to be used to commit Defendant's offense alleged in Count 1; and

4. The United States has established the requisite nexus between the Subject Property and the Defendant's offense.

  THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Defendant shall hereby forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C, § 2461(c), any property which constitutes or is derived from proceeds traceable to the violation; pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation; and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit Defendant's offense alleged in Count 1.

2. The Defendant shall hereby forfeit, pursuant to 18 U.S.C.§ 981(a)(1)(C) and 28 U.S.C, § 2461(c), any property which constitutes or is derived from proceeds traceable to the violation alleged in Count One; pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation; and pursuant to 18

U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit Defendant's offense alleged in Count 1; and, the following specific property (hereinafter referred to as the "Subject Property"):

    a. Apple iPhone black with gold case seized from the Defendant;
    b. HP Laptop, Serial No. CND6306CXR
    c. Pin Hole Camera containing a SanDisk Ultra Plus, 32GB;
    d. T Mobile Sim Card, Serial No. 8901260142705280457;
    e. Vivo 4G Sim Card, Serial No. 8955109334;
    f. T-Mobile Sim Card, Serial No. 8901260911795426125;
    g. MSR Card Reader, Serial No. A517052440;
    h. HP Laptop, Serial No. CND7194DT9;
    i. T-Mobile Sim Card, Serial No. 8901260985775565193;
    j. Card Reader, Serial No. US01421F15;
    k. Vivo 4G Sim Card, Serial No. 8955109314;
    l. Vivo 4G Sim Card, Serial No. 8955109344;
    m. T Mobile Sim Card, Serial No. 8901260911795425994F; and
    n. Lenovo Laptop, Serial No. PFOLLTTB.

3. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

4. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be

by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

6. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

7. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

9. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

10. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: November 8, 2018

                                            SO ORDERED:

                                            *s/Thomas M. Rose

                                            _____
                                            THOMAS M. ROSE
                                            UNITED STATES DISTRICT COURT JUDGE